IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNECO OIL COMPANY, INC., <br> PENNECO PIPELINE CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> K. PETROLEUM, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 25-121 <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER GRANTING MOTION
TO REQUIRE POSTING OF SECURITY BOND**

Presently before the Court is the Motion to Require Posting of Security Bond Pursuant to Local Rule 67.1(B) and supporting briefs filed by Plaintiffs Penneco Oil Company, Inc. and Penneco Pipeline Corporation (collectively, "Penneco") (Docket Nos. 20, 21, 26), as well as Defendant K. Petroleum, Inc.'s ("KPI") response in opposition thereto. (Docket No. 25). Penneco's Motion seeks an order compelling KPI to post a security bond in the amount of $909,308.81 while the parties litigate whether their underlying Arbitration Awards are confirmed or vacated. For the reasons set forth herein, Penneco's Motion will be granted and KPI will be ordered to post the requested security bond.

**I.      BACKGROUND**

Penneco commenced this action by filing a Complaint to Confirm Arbitration Awards and for the Entry of Judgment Pursuant to 9 U.S.C. § 9 regarding an Initial Award and Award of Attorneys' Fees and Costs and Additional Damages (collectively, the "Arbitration Awards"), both issued by Arbitrator David B. White, Esq. ("Arbitrator") in his capacity as the parties' Consented Special Master/Arbitrator. (Docket No. 1). The Arbitration Awards were based on the Arbitrator's determination that KPI breached agreements between the parties. (Docket Nos. 1-14, 1-23). In

response to Penneco's Complaint, KPI filed a Partial Answer with Affirmative Defenses (Docket No. 11), and a Motion to Vacate the Arbitration Awards along with a supplement and supporting briefs (Docket Nos. 12, 13, 14, 27), to which Penneco filed an Opposition. (Docket No. 19). Penneco's application to confirm the Arbitration Awards and KPI's motion to vacate the same are pending and currently under advisement. In the meantime, Penneco seeks a bond by the present motion.

## II.     DISCUSSION

This Court has discretion to order a party to post an original bond for costs or additional costs pursuant to Local Rule 67.1(B). Penneco now asks the Court to exercise is authority in this regard to protect Penneco from the prospect that KPI may become insolvent or dissipate its assets during the pendency of KPI's Motion to Vacate the Arbitration Awards (and, too, Penneco's application to confirm those awards). KPI, for its part, opposes this motion by contending that there is no factual support for Penneco's concerns nor any controlling case law mandating the imposition of such bond.[1] At issue is whether this Court may direct KPI to post a bond under Local Rule 67.1(B), akin to a supersedeas bond, for the aggregate amount set forth in the Arbitration Awards KPI now seeks to vacate.

KPI acknowledges that Local Rule 67.1(B) grants this Court the discretion to order it to post a bond, but nonetheless contends that there is no precedential judicial authority from the Third Circuit or otherwise to support doing so in this case. Indeed, neither KPI nor Penneco has supplied

---

[1]     KPI opposes Penneco's present motion on the ground that the Court lacks precedential judicial authority to grant such relief, but KPI does not address the related question about whether the amount of such bond, if ordered, should be commensurate with the amount of the Arbitration Awards or determined by some other metric.

any judicial decisions[2] to direct or otherwise illuminate this Court's decision on the motion.  Nor has the Court's independent research revealed any helpful direction or guidance.

Local Rule 67.1(B) provides:

> The Court, on motion, may order any party to file an original bond for costs or additional costs in such an amount and so conditioned as the Court by its order may designate.

LCvR 67.1(B).  Nothing in the text of this local rule proscribes or delimits the Court's discretion in ordering a party to post a bond, setting its amount, or imposing other attendant conditions. Moreover, "[d]istrict courts may not disregard local procedural rules without sound justification for doing so." *Nittany Outdoor Advert., LLC v. Coll. Twp.*, 179 F. Supp. 3d 436, 439 (M.D. Pa. 2016) (quoting *U.S. ex rel. Streck v. Allergan, Inc.*, 288 F.R.D. 88, 90 (E.D. Pa. 2012)) (stating that "local rules are binding on the district court unless there is a justifiable reason to excuse their command" (quoting *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000) (holding that district courts may only "depart from the strictures of [their] own local procedural rules where (1) [they] ha[ve] a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment"))).  Here, there is no evident basis for disregarding Local Rule 67.1(B).

KPI's only other argument opposing the motion is that there is no factual support for Penneco's concern that it "is left seriously at risk with no security from KPI for the substantial damages it owes while the Motion to Vacate is pending for an indefinite length of time" and that

---

[2]  Penneco cites to *Hawks v. PNC Fin. Servs. Grp. Inc.*, NO. 2:21-cv-612, 2023 WL 6162854, at *1 (W.D. Pa. Sept. 21, 2023) (applying Fed. R. Civ. P. 62).  KPI cites *PFS Inv., Inc. v. Poole*, No. 3:05-cv-446, 2006 WL 13025 (W.D.N.C. Jan. 3, 2006) (applying Fed. R. Civ. P. 62) and *Soskin v. Royal Caribbean Cruises, Ltd.*, No. 17-cv-21663, 2017 WL 7796056 (S.D. Fla. July 7, 2017) (applying Article VI of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards).  None of these cases addresses the extent and scope of this Court's authority to order a bond under Local Rule 67.1(B).

3

"[a]n indefinite delay affords KPI a window to dissipate its assets while Penneco remains captive to the delay without any corresponding security." (Docket No. 21 at 4). KPI fairly points out that Penneco's concerns are conclusory, and KPI quotes the *Soskin* court's concerns in that regard. *See* 2017 WL 7796056, at *3 ("The Respondent is never specific with respect to its concerns, except for the statement that there have been no financial assurances provided to ensure the full payment of the arbitration award."). However, another judicial officer in this District has aptly observed, albeit in the context of Fed. R. Civ. P. 62(b), that the applicable rule:

> makes no textual exception for parties that are well-off, highly capitalized and unlikely to become judgment proof . . . The bond or other security protects plaintiffs from the risk that *any* eventuality may preclude or complicate collection on their judgment . . . But, in any business, in any industry and in any economy, today's best projections can be upended by the reality tomorrow brings. Risk is an inevitable part of life and business. The winning party should not bear any risk associated with the passage of time during the loser's appeal—even when the appealing party is highly capitalized and believes it has strong arguments on appeal.

*C.J. Hughes Constr. Co. Inc. v. EQM Gathering OPCO, LLC*, NO. 2:18-cv-00168 (Docket No. 250) (January 11, 2023). Similarly, nothing in the text of Local Rule 67.1(B) delimits this Court's discretion to order a bond only upon a showing of impending insolvency, asset dissipation, or otherwise bad faith avoidance of the potential judgment. Ultimately, what is most persuasive to this Court is that while Penneco expresses rational concerns for collecting its Arbitration Awards if KPI ultimately fails in its effort to vacate the same, KPI does not proffer concerns that imposition of a bond would materially prejudice it.

### III. CONCLUSION

In this Court's estimation, ordering KPI to post a bond in the aggregate amount of the Arbitration Awards is authorized by Local Rule 67.1(B), doing so is within its sound discretion, and doing so is justified for the reasons set forth herein.

**ORDER**

AND NOW, this 21st day of May 2025, IT IS HEREBY ORDERED that the Motion to Require Posting of Security Bond Pursuant to Local Rule 67.1(B) filed by Plaintiffs Penneco Oil Company, Inc. and Penneco Pipeline Corporation (collectively, "Penneco") is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant K. Petroleum, Inc. ("KPI") shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of $909,308.81 with the Court within fourteen (14) days of the date of this Order. If presented as cash or check, the funds will be placed in the local Court Registry and will remain there until further order of court.

*/s W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record